DAVID THOMSON, as Trustee of the Estate of BENJAMIN LORD, Deceased, Appellant, *v.* AMERICAN SURETY COMPANY OF NEW YORK, Respondent.

*Surety for a trustee — his liability on a bond given some years after the appointment of the trustee — effect of a judgment against the executrix of the trustee.*

The accounts of a substituted trustee of an estate, appointed in 1883, were passed by a judgment entered in 1890 which adjudged that a certain sum was "held by the defendant as aforesaid [to] be divided and distributed among the several *cestuis que trust* according to their several interests in the estate of the defendant's testator," and he was directed to make the distribution thereof among the several beneficiaries. Thereafter, in 1893, pursuant to an order of the court, reciting the death of his former bondsman, the trustee gave another bond for $25,000, conditioned that he "shall faithfully execute the trust reposed in him as such trustee, and shall faithfully pay over, distribute and divide and account for all the property and money which shall come into his hands as such trustee, in accordance with the provisions of the said will."

*Held,* that the surety upon the last-mentioned bond was not responsible for any failure on the part of the trustee to faithfully execute the trust prior to the giving of such bond;

That in order to create a liability, on the part of the surety under such bond, it would be necessary to show that after its execution the trustee had failed to faithfully execute the trust reposed in him as such trustee, or had failed to faithfully pay over, distribute and divide and account for all of the property and money which was in his hands at the time of the execution of the bond, or which, after its execution, had come into his hands;

That a judgment, rendered in an action brought against the executrix of the trustee by his successor in the trust, adjudging a certain amount to be due from the trustee to the *cestuis que trustent,* but containing no adjudication that the trustee had failed to account for money in his hands at the time of the execution of the second bond, or money which had come into his hands subsequently, was not conclusive upon the surety mentioned in that bond.

APPEAL by the plaintiff, David Thomson, as trustee of the estate of Benjamin Lord, deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 10th day of September, 1900, upon the report of a referee, which report awarded to the plaintiff the sum of six cents as damages.

*George Putnam Smith,* for the appellant.

*Roger A. Pryor,* for the respondent.

INGRAHAM, J. :

The action was brought to recover upon a bond given by the defendant as surety for one Augustus Cruikshank, who had been appointed trustee to execute the trust contained in the last will and testament of Benjamin Lord, deceased. The pleadings admitted that one Benjamin Lord died on or about July 5, 1851, leaving a last will and testament which was duly admitted to probate on December 31, 1851, and letters testamentary were duly issued to Caleb Barstow; that thereafter said Caleb Barstow resigned as trustee under said will and one Gilbert N. Marshall was duly appointed trustee in his place; that thereafter an action was brought in this court by Dorothy Marshall and others, beneficiaries under the said will, against the said Marshall to procure his removal as said trustee; that pending such action said Marshall resigned, and thereupon by an order dated February 20, 1883, Augustus Cruikshank was duly appointed trustee in the place of said Marshall and duly qualified and gave a bond in pursuance of said order, which was duly approved and filed; that thereafter an action was brought in this court by one Hiram J. Burrows and others, beneficiaries under said will, against the said Cruikshank as trustee, and on March 6, 1890, a judgment was duly entered in said action. That judgment passed the accounts of Cruikshank as trustee, and adjudged that the sum of $87,653.33 was " held by the defendant as aforesaid, [to] be divided and distributed among the several *cestuis que trust* according to their several interests in the estate of the defendant's testator after the payments of said costs, allowances and fees of referee," and such judgment directed the distribution of the said fund among the several beneficiaries therein specified. It was further admitted that on the 26th of October, 1893, an order was entered reciting the appointment of Cruikshank as trustee, and that in pursuance of the order appointing him he had executed a bond in the sum of $25,000 for the faithful performance of his duties as such trustee with one George I. Smith as sole surety on said bond, and said bond having been duly approved and filed and said surety having died, it was ordered that the said Augustus Cruikshank, as trustee as aforesaid, " execute another bond in the sum of twenty-five thousand dollars with sufficient surety to be approved of by one of the justices of this court, and that the said new bond be in the same

form, tenor and effect as the said former bond." In pursuance of this order the defendant, with the said Augustus Cruikshank, executed a bond, upon which a recovery is sought in this action. The condition of this bond was that, "Whereas, the above bounden Augustus Cruikshank was appointed trustee to execute the trusts contained in the Last Will and Testament of Benjamin Lord, deceased, as successor of Gilbert N. Marshall, heretofore appointed trustee under said will, who has duly resigned his trusteeship aforesaid, by virtue of an order of the Supreme Court of the State of New York, made at the Special Term thereof, at the city of New York on the 24th day of November, one thousand eight hundred and eighty ; Now, therefore, the condition of this obligation is such that if the said Augustus Cruikshank shall faithfully execute the trust reposed in him as such trustee and shall faithfully pay over, distribute and divide and account for all the property and money which shall come to his hands as such trustee, in accordance with the provisions of the said will ; then the above obligation to be void, otherwise to remain in full force and virtue."

This bond in suit was executed ten years after Cruikshank was appointed trustee and three years after the entry of the judgment in the action of *Burrows* v. *Cruikshank*, before referred to, by which it was adjudged that the sum of $83,653.33 was held by Cruikshank as trustee. There was nothing in this bond which made this surety responsible for any failure to execute the trust prior to the execution of the bond, or by which the surety became liable for money which had come to the hands of the trustee prior to its execution. It was not conditioned upon the trustee's accounting for all property which had come into his hands prior to its execution, but was conditioned upon his paying over, distributing and dividing and accounting for all property and money " which shall come to his hands as such trustee." It would undoubtedly include all property that was actually in his hands undistributed at the time of the execution of the bond ; but to entitle the plaintiff to recover in this action, it is apparent that there must be proof that Cruikshank, after the execution of the bond, had failed to faithfully execute the trust reposed in him as such trustee, or had failed to faithfully pay over, distribute and divide and account for all the property and money which was in his hands at the time of the execution of the bond or which after its execution had come to

his hands. In the action of *Burrows* v. *Cruikshank*, the referee found by the 19th finding of fact that at the date of the report there remained of the assets of the said estate the sum of $87,653.53 to be divided and distributed by the defendant among the *cestuis que trust*, according to the terms of the will of the testator, and the judgment directed the distribution of that sum. The utmost effect that can be given to this judgment is that up to the time of its entry the trustee had faithfully performed the duties of his trust and had in his hands at that time this sum of money named for distribution among the beneficiaries of the estate. After the death of Cruikshank and upon the appointment of the plaintiff as trustee in his place, plaintiff commenced an action against Annie C. Cruikshank, as executrix of the last will and testament of Augustus Cruikshank, deceased. The complaint in that action alleges that Cruikshank converted all the assets of the estate into money, and realized therefrom the sum of $125,000 or thereabouts; that on October 4, 1894, Cruikshank died without having made a full or final distribution of the funds in his hands as trustee of the said Benjamin Lord, and demanded judgment that the defendant account for and pay over to him as trustee as aforesaid such property, money and assets of the estate of the said Benjamin Lord, deceased, as she may have in her possession or may be liable to account for to this plaintiff as trustee of the said estate. The defendant in that action answered, and thereafter an account in that action was presented, which purported to be an account of the transaction of Cruikshank, as trustee, from the date of the settlement of his accounts, March 6, 1890, to the date of his decease. That account charged the estate of Cruikshank with the sum of $87,653.53, the amount with which he was found chargeable under the decree of the Supreme Court in the action of *Burrows* v. *Cruikshank*, stating, however, that the actual balance of cash in his hands at the date of the decree was $93,483.59, of which he received for interest up to the time of filing the account $1,670.01, leaving a total balance with which the estate of the said trustee should be chargeable of $95,153.60. The account also states that there was deposited in the State Trust Company, to the credit of the trustee, at the time of his decease, $3,921.17. The issues in this action were referred to a referee to hear and determine. The referee filed his report, which charges the defendant with the sum of $95,153.60;

credits the defendant with the sum of $81,977.18, leaving the amount with which the defendant remains chargeable of $13,176.42, and directs judgment to be entered in favor of the plaintiff against the defendant for such sum of money, with interest from the date of the commencement of the action.      Upon that report judgment was entered adjudging that David Thomson, as trustee of the estate of Benjamin Lord, deceased, do recover from Annie C. Cruikshank, as executrix of the last will and testament of Augustus Cruikshank, deceased, the sum of $13,176.42, together with the sum of $3,357.79 interest, and $1,434.56 costs and allowance, making in all the sum of $17,968.77.      In the present action there was no evidence as to the failure of the defendant to faithfully perform the duties of his trust, or failure to account for and pay over to the beneficiaries of the estate the moneys in his hands, except so far as this judgment was evidence against the defendant.      If this bond had been given upon the appointment of the trustee so that the defendant should become the surety for the accounting by the trustee for all moneys that should at any time during the trusteeship come into his hands, I should have no doubt that the judgment would be conclusive upon the surety as to the amount of money which had come into his hands as such trustee, and as to the amount of money for which he had failed to account.      The bond recites the appointment of the principal as trustee by an order of the Supreme Court.      The surety would be chargeable with notice of the order appointing the trustee, and the duties and responsibilities imposed upon the trustee by virtue of his appointment.      He was appointed as a substituted trustee by the Supreme Court under the provisions of section 71 of the article upon Uses and Trusts (1 R. S. pt. 2, chap. 1, tit. 2, art. 2, p. 730).      Upon such an appointment the trustee is required to account to the court that appointed him, and the accounting specified in the bond is necessarily an accounting to the court ; and when a surety undertakes that a trustee appointed by the court will faithfully account for the money that comes into his hands, it would seem to follow that it was an accounting to the court in a proper judicial proceding that was contemplated by the parties. It could add nothing to the effect of this provision of the bond to have provided that such an accounting must be before any court having cognizance thereof, as by the very terms of the appointment and the duties assumed by the trustee by virtue thereof, it was an

accounting to the court that appointed him, or some other court having jurisdiction of the trustee, which would have been necessary to relieve him from liability, and it must be assumed, I think, that it was such an accounting that was contemplated by the parties when the bond in suit was executed. That bond was conditioned upon the faithful accounting by the trustee, and such an accounting must necessarily be to the authority that conferred the appointment upon him. If this is correct, it seems that the case of *Douglass* v. *Ferris* (138 N. Y. 192) is controlling. In that case the condition of the defendant's obligation was that the guardian would " well and faithfully in all things discharge the duty of guardian to the above-named minor according to law, and render a just and true account of all moneys and property received by him, and of the application thereof, and of such guardian in all respects to and before any court having cognizance thereof when thereunto required ;" and it was there held that a judgment obtained against the guardian in the Supreme Court was conclusive upon the surety. Judge O'BRIEN, in delivering the opinion of the Court of Appeals, says: "Upon principle and authority there cannot, I think, be any doubt that if the guardian had accounted before the surrogate in the usual way, and a decree had been entered, free from fraud, adjudging that he owed the plaintiff a designated sum, that decree would have bound the sureties. This is upon the principle that, by their contract, they are privy to the proceedings against their principal, and when he is concluded they, in the absence of fraud or collusion, are concluded also. * * * The duty of the guardian, guaranteed by his sureties, was to account before any court of competent jurisdiction for the money or property that came to his hands by virtue of the trust, and as the Supreme Court had such jurisdiction, its judgment against the guardian had, at least, the same force and effect as the decree of the surrogate would have had. The sureties by their contract had so connected themselves with the obligations of the guardian and with the proceedings to bring him to an account, and with the judgment rendered, that it bound them as well as the guardian as to all questions necessarily involved. The judgment could be impeached for want of jurisdiction or for fraud or collusion, but in all other respects it became conclusive as evidence or by way of estoppel." I think, therefore, that if this judgment had contained any adjudica-

tion that the trustee had failed to account for any money in his hands at the time of the execution of the bond by the defendant, or which came into his hands subsequently, the judgment would have been conclusive upon the defendant, and the defendant would have been bound by its adjudication. An examination of the judgment roll shows that the defendant, as executrix of the trustee, was charged with the sum of $93,483.59 as the amount in his hands at the date of the last accounting, viz., March 6, 1890. He was also charged with the total interest received by him as such trustee of $1,670.01, and turning to the account of the executrix as presented, and which seems to have been adopted by the referee as to the amount of money chargeable to the trustee, there was received by the trustee after October 23, 1893, the date of the bond, the sum of $69.51, and this is the only evidence contained in that report, so far as I can see, as to any sum of money which was in the hands of the trustee at the time of the execution of this bond, or that came into his hands subsequent thereto; and it appears from the record, and is not disputed, that at the time of the death of the trustee there was the sum of $3,921.17 deposited with the State Trust Company to the credit of the trustee which was delivered to the plaintiff as his succesor in the trust. The trustee claims certain payments as credits which were disallowed, but all of these payments were made long before the bond in suit was executed. There was no evidence, therefore, that the trustee had failed to account for any moneys which were in his hands at the time of the execution of this bond by the defendant, or that thereafter came into his hands. The rule to be applied in the construction of instruments of this kind is stated by Judge EARL in the case of *People* v. *Backus* (117 N. Y. 201), as follows: "No citation of authorities is needed to show that the contracts of sureties are to be construed like other contracts, so as to give effect to the intention of the parties. In ascertaining that intention we are to read the language used by the parties in the light of the circumstances surrounding the execution of the instrument, and when we have thus ascertained their meaning we are to give it effect. But when the meaning of the language used has been thus ascertained, the responsibility of the surety is not to be extended or enlarged by implication or construction, and is *strictissimi juris.*" (See, also, *National Mechanics' Banking Assn.* v. *Conkling*, 90 N. Y.

116.) As before stated, the obligation of this surety is for the future. If the trustee *shall* faithfully execute the trust reposed in him as such trustee, and *shall* faithfully pay over and distribute and render an account of all the moneys and property which *should* come into his hands as such trustee in accordance with the provisions of the said will, the obligation is to be void ; and it is well settled that where an engagement of the surety is for the future he cannot be held liable for the past as to which he has not covenanted. In *Farrar* v. *United States* (5 Pet. 373) it appeared that Rector, the principal, was appointed surveyor of the public lands on the 13th of June, 1823, and his bond which the action was brought to enforce was dated August 7, 1823. Between the third of March and the fourth of June in the same year, there had been paid to him from the treasury the sum of money found by the jury. So that it was paid to him before his commission had been issued and before the bond had been approved. On this state of facts the court held that for any sum paid to Rector prior to the execution of the bond there is but one ground on which the sureties could be held answerable to the United States, and that is on the assumption that he still held the money in bank or otherwise. If still in his hands, he was, up to that time, bailee to the government ; but upon the contrary hypothesis, he had become a debtor or defaulter to the government, and his offense was already consummated. If intended to cover past dereliction, the bond should have been made retrospective in its language. The sureties have not undertaken against his past misconduct. *Thomson* v. *MacGregor* (81 N. Y. 592) seems to be controlling. In that case it appeared that one Riker was appointed receiver on July 9, 1874, and upon that day he entered upon the discharge of his trust. Some six months later, and on January 20, 1875, Riker was directed to file a bond, and ten days later filed the instrument in question. The bond was upon the condition that "said Charles B. Riker shall henceforth discharge the duties of his trust as such receiver." On May 10, 1875, an order was granted removing Riker from his position and requiring him to account and appointing plaintiff receiver in his place. Upon an accounting had an order was made by the court adjudging that there was a balance of the trust funds in Riker's hands which he was directed to pay over, but Riker did not pay. The court held that the rule was well settled that where the

engagement of the surety is for the future, he cannot be held liable for the past as to which he has not covenanted; and that the order of the court requiring the receiver to pay a sum of money to his successor was not conclusive upon the surety that Riker had not faithfully discharged the duties of his trust. In this case, as in the case last cited, the trust covered a considerable period before the bond sought to be enforced was executed. Under this bond the defendant was liable for any failure of the principal to account for all property and money which should come into his hands as such trustee; and the proof offered upon the trial was a judgment in an action brought against the trustee's executrix for an accounting, from which it appeared that the trustee had failed to account for certain sums of money which had come into his hands prior to the time that the bond in suit was executed; and although I think this judgment would have been conclusive if it had adjudicated that the trustee had failed to account for moneys which had come into his hands after the execution of the bond, as there was no such adjudication, and as the whole record shows that the action was brought to compel an accounting by the trustee for money which he had received long before the execution of the bond, the judgment was not, I think, evidence against this defendant of a breach of the condition of the bond which would entitle the plaintiff to recover.

It follows that the judgment should be affirmed, with costs.

O'BRIEN and HATCH, JJ., concurred; McLAUGHLIN, J., concurred in the result.

Judgment affirmed, with costs.